Matter of Neumann (2022 NY Slip Op 06424)

Matter of Neumann

2022 NY Slip Op 06424

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

File No. 4105/16 Appeal No. 16661 Case No. 2022-01665 

[*1]In the Matter of Dolores Ormandy Neumann, Deceased.
Belinda Neumann Donnelly, Petitioner-Appellant-Respondent,
Hubert G. Neumann et al., Objectants-Respondents-Appellants, Winter Donnelly et al., Respondents.

Greenfield Stein & Senior, LLP, New York (Gary B. Freidman of counsel), for appellant-respondent.
Farrell Fritz, P.C., Uniondale (John R. Morken of counsel), for Hubert G. Neumann, respondent-appellant.
Novick & Associates, P.C., Huntington (Donald Novick of counsel), for Mellissa Neumann, respondent-appellant.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered March 30, 2022, which, insofar appealed from as limited by the briefs, granted petitioner's motion for summary judgment dismissing the objections based on lack of testamentary capacity and due execution but denied the motion as to undue influence, confidential relationship, and constructive fraud, unanimously affirmed, without costs.
The affidavits of the witnesses to the will, attesting to decedent's sound mind, memory, and understanding, "created a presumption of testamentary capacity and prima facie evidence of the facts attested to" (Matter of Giaquinto, 164 AD3d 1527, 1528 [3d Dept 2018] [internal quotation marks omitted], affd 32 NY3d 1180 [2019]). In opposition, objectants failed to raise a triable issue of fact (see e.g. Matter of Katz, 103 AD3d 484, 485 [1st Dept 2013] ["a medical opinion . . . by a doctor who had never examined decedent and based her opinion solely on medical records" was insufficient to defeat a motion for summary judgment dismissing objections]; see also Matter of Coddington, 281 App Div 143, 145 [3d Dept 1952], affd 307 NY 181 [1954]).
Given decedent's presumptive testamentary capacity and therefore the lack of triable issues of fact concerning capacity, objectants' contention that although the requirements set forth in EPTL 3-2.1(a) were satisfied, summary judgment is premature is without merit. Objectants' reliance upon Matter of Elkan (22 Misc 3d 1125[A], 2009 NY Slip Op 50280[U] [Sur Ct, Bronx County], affd 84 AD3d 603 [1st Dept 2011], lv denied 17 NY3d 709 [2011]) is misplaced.
Objectants' contention that "something more" than formal execution was required due to decedent's infirmities is also without merit. The record is silent as to any infirmities by decedent which would affect execution (Rollwagen v Rollwagen, 63 NY 504, 517 [1876]; see Matter of Creekmore, 1 NY2d 284 [1956]; Matter of Dralle, 192 AD3d 1239, 1242 [3d Dept 2021]).
As stated by the court, "objectants . . . submitted sufficient evidence to raise a question as to whether [petitioner] could have and did assume such control of decedent's affairs during decedent's hospitalization and rehabilitation that she could be considered to be in a confidential relationship with her mother at the time the propounded instrument was executed." "A confidential relationship exists between two parties where they. . .deal on unequal terms due to one party's weakness, dependence or trust justifiably reposed upon the other[,] and unfair advantage is rendered probable" (Giaquinto, 164 AD3d at 1531 [internal quotation marks and brackets omitted]). "The existence of such a relationship will ordinarily be a question of fact" (Matter of Nealon, 104 AD3d 1088, 1089 [3d Dept 2013], affd 22 NY3d 1045 [2014]; see also e.g. Doheny v Lacy, 168 NY 213, 223 [1901]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022